# IN THE COURT OF APPEALS OF IOWA

————————

No. 25-1882
Filed July 22, 2026

————————

**In the Matter of J.K.E., Alleged to be Seriously Mentally Impaired**

**J.K.E.,**
Respondent-Appellant.

————————

Appeal from the Iowa District Court for Des Moines County,
The Honorable Clinton R. Boddicker, Judge.

————————

**AFFIRMED**

————————

Kimberly A. Auge of The Auge Law Firm, Fort Madison,
attorney for appellant.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney
General, attorneys for appellee State.

————————

Considered without oral argument
by Badding, P.J., Buller, J., and Telleen, S.J.
Opinion by Telleen, S.J.

1

**TELLEEN, Senior Judge.**

J.K.E. appeals the district court's order finding she remains mentally impaired and ordering her to "take all medications as may be prescribed" by her psychiatric care provider. She argues she is not mentally impaired because she has sufficient judgement to make responsible decisions with respect to hospitalization or treatment, and the court thus lacks authority to order her to take medication. Because the district court did not err in determining that there is clear and convincing evidence that J.K.E. remains mentally impaired, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

J.K.E. has been under commitment for continuing outpatient treatment after being found to be seriously mentally impaired in January 2022. In this case, the district court noted that J.K.E. has "no fewer than eight previous involuntary mental commitment cases in Des Moines County and three in Lee County." J.K.E.'s psychiatric mental health nurse practitioner filed a periodic progress report in September 2025. That report opined that J.K.E.'s mental impairment "remains unchanged," she remains "mentally ill," and she is not "capable of making responsible decisions with respect to hospitalization or treatment."

The nurse practitioner explained that J.K.E.'s repeated hospitalizations have originated from her noncompliance with treatment, her refusal to take antipsychotic medications, and the likelihood of future hospitalization if she stays noncompliant. But the nurse practitioner also expressed that, if J.K.E. submits to her medication needs, full-time hospitalization will not be required. The district court then ordered that outpatient treatment continue and that J.K.E. take her medications as prescribed.

Following that progress report and accompanying court order, J.K.E. requested a review hearing and the appointment of counsel on October 7. A hearing was held on October 15. At the hearing, J.K.E. did not dispute she suffers from a mental illness. She agreed she is diagnosed with schizoaffective disorder, bipolar type, as well borderline personality disorder. However, she expressed concerns with the medications she has been prescribed, attributing the cause of her prior heart attacks to the anti-psychotics she had been prescribed. She testified that she told her mental-health providers about her concerns, but they continued to prescribe the medications. In J.K.E.'s view, her interest in producing artwork and continued therapy sessions are both sufficient to treat her mental impairment.

Following the hearing, the district court found that J.K.E. remained seriously mentally impaired and ordered she "take all medications as may be prescribed." J.K.E. now appeals.

## STANDARD OF REVIEW

We review involuntary commitment proceedings for errors at law. *See In re B.B.*, 826 N.W.2d 425, 428 (Iowa 2013). The burden of proving serious mental impairment is by clear and convincing evidence. *See id.*; Iowa Code § 229.12(3)(c) (2025). Clear and convincing evidence exists when "no serious or substantial doubt about the correctness of a particular conclusion [can be] drawn from the evidence." *B.B.*, 826 N.W.2d at 428 (citation omitted).

## DISCUSSION

A person is "seriously mentally impaired" if, because of their mental illness, the person "lacks sufficient judgment to make responsible decisions

with respect to the person's hospitalization or treatment" and must meet one of the following criteria:

> a. Is likely to physically injure the person's self or others if allowed to remain at liberty without treatment.
>
> b. Is likely to inflict serious emotional injury on members of the person's family or others who lack reasonable opportunity to avoid contact with the person with mental illness if the person with mental illness is allowed to remain at liberty without treatment.
>
> c. Is unable to satisfy the person's needs for nourishment, clothing, essential medical care, or shelter so that it is likely that the person will suffer physical injury, physical debilitation, or death.
>
> d. Has a history of lack of compliance with treatment and any of the following applies:
>
> > (1) Lack of compliance has been a significant factor in the need for emergency hospitalization.
> >
> > (2) Lack of compliance has resulted in one or more acts causing serious physical injury to the person's self or others or an attempt to physically injure the person's self or others.

Iowa Code § 229.1(22).

Here, the State presented clear and convincing evidence that J.K.E. remains severely mentally impaired. J.K.E. contends that she does not need medication and can rely purely on therapy and therapeutic activities such as artistic works. But J.K.E. does have "a history of lack of compliance with treatment" and following an April 2025 hospitalization, the attending physician opined that J.K.E. "put[] herself in danger [by] not taking her medication." Her blood sugar at that time was at the highest level the measuring instrument could register. She assaulted staff and a patient. The physician further suggested that J.K.E. needed to be stabilized on psychiatric

medication so that she could have better "judgment into her current [diabetic] diagnosis and treatment plan."

Following her release from the hospital, J.K.E.'s next periodic report found she was taking her medication and understood its importance for her medical stability. She was additionally reported to be "pleasant and cooperative with staff," contrasted with the assaults she engaged in during the previous hospitalization. This evidence strongly suggests that J.K.E. can maintain both her physical and mental well-being when she complies with the prescribed medication and treatment. The previous hospitalization along with prior incidents of "agitation and aggression" while not medicated convinces us that, if J.K.E. fails to follow her treatment program, she is likely to hurt herself or others—as she has done in the past.

The district court did not find J.K.E. to be a credible witness, noting her contradictory responses—which we agree are hard to reconcile. For example, J.K.E. claimed to have taken her medication three to four days prior to the hearing but later denied having taken her medication. We also agree with the district court's assessment that J.K.E.'s safety concerns regarding her medication are not "based on a rational belief." There is no evidence that J.K.E.'s prescribed medications are harmful to her heart. Even if that was a potential concern, she testified to having informed her providers of that concern. And the evidence shows that in actuality, her failure to take her diabetic medications has proved to be potentially deadly, with J.K.E. having attained higher blood sugar levels than the physician's equipment could measure.

In sum, J.K.E. has exposed herself and others to harm when she fails to comply with treatment. Conversely, she has performed well when following those same treatment programs. Multiple medical professionals

have expressed the importance of those treatment programs and the uncertainty and harm that would result from a failure to engage with the programs and medication as recommended. Clear and convincing evidence exists for a finding that J.K.E. is seriously mentally impaired.

Lastly, the district court had authority to order J.K.E. to take all medications that are prescribed to her. Under Iowa Code section 229.14(2)(d), "the court may order that the respondent be taken into immediate custody as provided by section 229.11 and, following notice and hearing held in accordance with the procedures of section 229.12, may order the respondent treated on an inpatient basis" if the respondent "fail[s] or refuse[s] to submit to treatment in accordance with the court's order." The district court did not exceed its authority in so ordering.

**AFFIRMED.**